Filed 4/14/23  P. v. Comminey CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F085182 |
| Plaintiff and Respondent, | (Super. Ct. No. DF016715A) |
| v. | |
| WALTER CHARLES COMMINEY, | **OPINION** |
| Defendant and Appellant. | |

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Kern County.  Jerold L. Turner, Judge.  (Retired judge of the Kern County Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Hill, P. J., Poochigian, J. and Detjen, J.

Appointed counsel for defendant Walter Charles Comminey asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief.  Defendant did not respond.  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## **BACKGROUND**

On October 7, 2021, while confined in a state prison, defendant attacked another inmate with an inmate-manufactured weapon.

On February 10, 2022, the Kern County District Attorney charged defendant with two counts of possession of a dirk or dagger in a penal institution (Pen. Code, § 4502, subd. (a);[1] counts 1 & 3) and assault with a deadly weapon in a penal institution (§ 4501, subd. (a); count 2).  The complaint also alleged that defendant had suffered a prior "strike" conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) and had suffered a prior serious felony conviction (§ 667, subd. (a)).

On July 15, 2022, defendant pled no contest to an amended count for assault by means of force likely to produce great bodily injury (§ 4501, subd. (b); count 4) and admitted the prior strike allegation.  The remaining counts and allegation were dismissed.

On August 12, 2022, the trial court sentenced defendant to the low term of two years, doubled to four years pursuant to the Three Strikes law.  The court imposed various fines and fees.

On October 24, 2022, defendant filed a notice of appeal.  The trial court granted defendant's request for a certificate of probable cause.

---

[1]     All statutory references are to the Penal Code.

## **DISCUSSION**

Having undertaken an examination of the entire record, we find no evidence of any arguable error that would result in a disposition more favorable to defendant.

## **DISPOSITION**

The judgment is affirmed.